FILED
97 AUG -4 AM 9:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH THOMAS WOMACK, }
SHIRLEY WOMACK, }
 }
   Plaintiffs, }
 }
 }   CASE NO. CV 95-B-1832-S
v. }
 }
SCOTT PAPER COMPANY, }
OREGULF TRANSPORT }
COMPANY, }
 }
   Defendants.

ENTERED
AUG 04 1997

MEMORANDUM OPINION

Before the court is the motion of defendant Scott Paper Company ("defendant" or "Scott Paper") for summary judgment. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendant's motion is due to be granted in part, and denied in part.

This dispute arises out of on-the-job injuries sustained by plaintiff Joseph Thomas Womack ("plaintiff" or "Womack"), while he was employed by Scott Paper. Plaintiff pursues claims against Scott Paper under the general maritime law of unseaworthiness, and the Jones Act, 46 U.S.C. § 688.[1]

FACTUAL SUMMARY

The facts relevant to this controversy are undisputed and may be stated briefly. On October 14, 1994, plaintiff was employed by Scott Paper as a deckhand aboard the Scott Paper

---

[1] In his Brief in Opposition to Defendant's Motion for Summary Judgment at 1, plaintiff states that "[t]he claim for loss of consortium brought by Mr. Womack's wife has been withdrawn." Thus, plaintiff Shirley Womack's claim is due to be dismissed.

tugboat "Fast Eddie." Prior to the accident giving rise to this dispute, plaintiff was engaged in building a tow under an arrangement with Oregulf Transport Company, the owner of the barges comprising the tow. In order to build the tow, plaintiff was required to secure the Oregulf barges together, including the barge on which he was working when he sustained injuries.

In the process of securing the barges together, plaintiff was working with a wire that had a loop or kink in it; this wire was permanently affixed to the Oregulf barge and was not a wire provided by Scott Paper. After getting the kink out of the wire, plaintiff attempted to hold tension on the wire so that he could hook it to a ratchet for the purpose of connecting the barges. When the wire became tight, the kink rolled, causing the wire to slip off of a timber head. Plaintiff lost his balance and fell backwards onto the deck of the barge. Thereafter, plaintiff filed suit against several defendants, the only remaining defendant being Scott Paper. On March 10, 1997, Scott Paper filed the Motion for Summary Judgment before the court.

## SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the moving party has met its

2

burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. Rule 56 (c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted); *accord Spence v. Zimmerman*. 873 F.2d 256 (11th Cir. 1989). Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## DISCUSSION

Because "[i]t has long been established under admiralty law that claims for unseaworthiness, [and] Jones Act negligence . . . are separate and distinct causes of action, each with its own unique elements," *Ferrara v. A & V Fishing, Inc.*, 99 F.3d 449, 452 (1st

3

Cir. 1996), the court will discuss each of these claims separately. First, with respect to plaintiff's unseaworthiness claim, "[a] claim based on unseaworthiness enforces the shipowner's 'absolute duty to provide every member of his crew a vessel and appurtenances reasonably fit for their intended use.'" *Ferrara*, 99 F.3d at 453 (citations and internal quotations omitted). "The duty includes maintaining the ship and her equipment in a proper operating condition, and [it] can be breached either by transitory or by permanent defects in the equipment." *Id.* (citation omitted).

In the present case, it is undisputed that plaintiff was injured while working on a barge owned by Oregulf, and that the wire with which he was working was permanently affixed to the Oregulf barge and not provided by Scott Paper. In support of its motion on plaintiff's unseaworthiness claim, defendant argues, inter alia, that the number of deckhands working on the day of the accident was adequate, that the rigging wire did not fail, and that plaintiff has presented no evidence of an unseaworthy condition existing on defendant's tug, the "Fast Eddie." The court need not reach the substance of plaintiff's unseaworthiness claim to determine whether summary judgment is appropriate. Instead, the court is of the opinion that because plaintiff was injured while working on Oregulf's barge while using a wire affixed to that barge and supplied by Oregulf, summary judgment is due to be granted on plaintiff's unseaworthiness claim.

In *Smith v. Harbor Towing & Fleeting, Inc.*, 910 F.2d 312 (5th Cir. 1990), the Fifth Circuit had occasion to discuss the potential liability of barge and tug owners in a case involving facts similar to those present in the instant case. Specifically, in *Smith*, the plaintiff was working as a deckhand and crew member aboard the M/V TODD G, a tug owned by his

4

employer, Harbor Towing and Fleeting, Inc. ("Harbor Towing"). *Id.* The captain of the tug on which plaintiff was working ordered plaintiff to board two barges owned by Chotin Transportation, Inc. ("Chotin") for the purpose of rigging those barges together for towing. *Id.* While untangling a kinked wire that was attached to a barge winch, the plaintiff allegedly injured his arm and back when he slipped on some diesel oil on the deck of one of the barges. *Id.* Thereafter, plaintiff brought suit against his employer, Harbor Towing, under the Jones Act and general maritime law. *Id.* at 313. Additionally, plaintiff also asserted claims against Chotin for general maritime negligence and for breaching the warranty of seaworthiness, alleging that the presence of diesel oil on the deck and the kink wire rendered the barges unseaworthy. *Id.*

Although the issue in *Smith* was whether Chotin, and not Smith's employer, owed Smith a duty of seaworthiness, the Fifth Circuit's discussion provides significant guidance with respect to plaintiff's claim of unseaworthiness against his employer in the instant case. Specifically, in discussing the potential remedies available to Smith, the court stated:

> Smith has a variety of possible remedies as a Jones Act seaman: maintenance and cure and a Jones Act negligence claim against his employer as employer, an unseaworthiness claim against his employer as vessel owner for any injury on the M/V TODD G, and a negligence claim in maritime tort for Chotin's breach of duty of reasonable care under the circumstances.

5

*Id.* at 314-15 (citation omitted). Noticeably lacking from the court's recitation of potential remedies available to Smith was any discussion that Smith could pursue an unseaworthiness claim against his employer for the injuries that he sustained on board Chotin's barge.[2]

As stated, in the instant case, it is undisputed that plaintiff was injured on an Oregulf barge while working with a wire that was permanently affixed to that barge and not provided by Scott Paper. As held by the Fifth Circuit in *Smith*, plaintiff has a variety of possible remedies against his employer, including a Jones Act negligence claim, and an unseaworthiness claim against Scott Paper as vessel owner for any injuries plaintiff sustained on the "Fast Eddie." Because, however, the injuries that plaintiff received were not sustained on the "Fast Eddie", but were instead sustained on the barge owned by Oregulf, plaintiff's

---

[2] *See also Bridges v. Penrod Drilling Co.*, 740 F.2d 361 (5th Cir. 1984), in which an employee sued his employer, Penrod Drilling Co., and the owner of the vessel on which he was injured, Offshore Logistics Services, Inc. ("Offshore"), for injuries he sustained while unloading equipment. In discussing potential claims available to the plaintiff, the Fifth Circuit stated:

> "[Plaintiff] was possessed of the full range of traditional seaman's rights and remedies: maintenance and cure and a Jones Act negligence claim against his employer as employer, an unseaworthiness, strict liability claim against his employer as vessel owner for any injury **on the PENROD 72**, and a negligence claim in maritime tort for Offshore's breach of the duty of reasonable care under the circumstances.

*Id.* at 364 (emphasis added). As with the *Smith* case, the court in *Bridges* did not mention as a potential remedy that plaintiff could bring an unseaworthiness claim against his employer for injuries sustained while unloading cargo on the vessel owned by Offshore.

6

unseaworthiness claim against defendant must fail. Thus, the court holds that summary judgment is due to be granted on plaintiff's unseaworthiness claim.[3]

Moving to plaintiff's Jones Act claim, "[u]nlike the law of seaworthiness, which focuses on the condition of the vessel, the Jones Act places a separate and distinct duty on the owner to provide a reasonably safe workplace." *Oxley v. City of New York*, 923 F.2d 22, 25 (2nd Cir. 1991) (citation omitted). "Under the Jones Act, a 'plaintiff is entitled to go to the jury if the proofs justify with reason the conclusion that employer negligence played any part, *even the slightest*, in producing the injury for which damages are sought.'" *Id.* (citations and internal quotations omitted). Moreover, "'[t]he right of the jury to pass upon the question of fault and causation must be most liberally viewed.'" In his deposition, plaintiff's expert witness, David E. Cole, testified as follows:

> I believe Scott was negligent for not properly training the deckhands and by not properly supervising the deckhands, and also that could be extended to say any Scott personnel beyond the deckhands and the boat captain that had knowledge of the kinked wire would also have been negligent not to have had it removed. Scott was negligent in permitting the deckhands to use the kinked wire.

(Cole Depo. at 78). While evidence of this nature may or may not be sufficient to convince a jury of defendant's liability under the Jones Act, this evidence, when considered with the other submissions in opposition to summary judgment, is sufficient to convince the court that

---

[3] The court is aware that in *Gutierrez v. Waterman S. S. Corp.*, 373 U.S. 206, 215 (1963), the Court held, inter alia, that a shipowner can be liable on an unseaworthiness claim for injuries sustained while not on board the ship. The instant case is inapposite from *Gutierrez*, however, in that in this case, the potential unseaworthiness of the barge upon which plaintiff was injured cannot be attributed to the "Fast Eddie", its appurtenances, or its cargo.

plaintiff's Jones Act claim should be heard by a jury. Consequently, after reviewing the record and applying the relevant law and summary judgment standard to the facts of this case, the court is of the opinion that a genuine issue of material facts exists with respect to plaintiff's Jones Act claim. Thus, defendant's motion for summary judgment on this claim is due to be denied.

## CONCLUSION

Based upon the foregoing, the court concludes that defendant's motion for summary judgment is due to granted in part, and denied in part. An Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 4th day of August, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge